## Dugan Estate

*Raymond E. Larson*, for petitioners.

*William H. Turner*, for respondent.

VAN RODEN, P. J., October 30, 1952.—This proceeding is an inquest in partition involving a piece of real estate owned by decedent at the time of her death.

Decedent died intestate leaving to survive her as the persons entitled to her estate a daughter, Mary Dittmar, and two sons, Joseph A. Dugan and Frank J. Dugan.

In this proceeding a decree was made awarding an inquest to make partition of the real estate, a jury completed their duties making a return to this court, which return contained the conclusion that the real estate could not be parted or divided without spoiling the whole thereof and fixing the value of the premises in its entirety to be in the amount of $5,800.

Two sealed bids for the purchase of the real estate were filed with the court, one by Frank J. Dugan in the sum of $6,700 and the other by Mary Dittmar and Joseph A. Dugan in the sum of $6,730. The court thereupon entered an order awarding the real estate to Mary Dittmar and Joseph A. Dugan for the sum of $6,730, which sum was the highest price offered for the property by the bidders.

Upon the petition of Mary Dittmar and Joseph A. Dugan, a rule was allowed by this court upon Frank J. Dugan to show cause why the court should not determine the fair rental value of the premises for the use and occupation thereof by Frank J. Dugan from the period beginning August 15, 1949, for the period of time during which he has retained, and may continue to retain, possession thereof and to charge the proportionate part of the rental value to which Mary Dittmar and Joseph A. Dugan are entitled against the distributive share of the real estate or the proceeds thereof to which Frank J. Dugan is entitled.

To this petition and rule an answer was filed by Frank J. Dugan which in effect avers three reasons why the rule should not be made absolute, to wit:

1. The denial that any rent or sum of money for use and occupation of the premises by Frank J. Dugan

is due and owing by him by virtue of an oral agreement between him and Mary Dittmar and Joseph A. Dugan that if Frank J. Dugan would sell and dispose of his home and reside with Mary Dugan, the mother of the parties and present decedent, they agreed to permit him to remain in the premises without disturbance as long as he in his sole discretion shall desire after the decease of Mary Dugan, and that he did dispose of his own property and moved into the home of his mother and lived with her until the time of her death and has continued to reside in the premises until the present time.

2. The sum of $65 per month claimed by petitioners to be the fair and reasonable rental value of the premises is excessive and the fair rental value is only $30 per month.

3. A question of fact exists as to whether or not respondent, Frank J. Dugan, or his interest in the proceeds of the sale of the premises, should be charged with any sum as rental for the time he has occupied the premises after the death of the mother, which question of fact should be submitted to a jury for determination, and he asks the court to award an issue and submit the same to a jury for determination.

We shall first take up for consideration the third of the aforementioned contentions of respondent. The petition filed in this case for a rule to show cause why the share of Frank J. Dugan should not be charged with a proportionate part of the rental value was filed on August 21, 1952, and therefore the provisions of the Orphans' Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.745, are applicable. The legal right to a trial by a jury is provided for by section 45, subsecs. (a) and (b), covering cases where a dispute of fact shall arise concerning the validity of a writing alleged to be testamentary and concerning decedent's title to real or personal property. These are the only

instances where the court is *obliged* to award an issue, and therefore the determination of the question of whether any sum is due by Frank J. Dugan for rent for use and occupation, and the determination of the amount thereof, are not such questions of fact as entitle a party to have an issue awarded to a jury as a matter of right.

It is to be noted that in this respect the Act of 1951 follows the provisions of the Act of 1917 and is in confirmation of the existing case law.

The provisions of subsections (*c*) and (*d*) of section 745 of the Act of 1951 providing that the verdict in cases where the court in its discretion has awarded an issue shall have the same effect as though a trial by jury had been allowed as a matter of right to a party in interest, effected a change in the law as provided in the Act of 1917. However, this did not change the law that the awarding of an issue to a jury in all cases except those involving a dispute of fact concerning the validity of a will and concerning decedent's title to real or personal property is purely discretionary with the court.

In Snyder Estate, 368 Pa. 393 (1951) the widow denied appellee's claim as a creditor of decedent and demanded a jury trial, which was refused. The widow vigorously contended that she was entitled to an issue to a jury as a matter of right. The court held that (page 397) : "An issue or jury trial in such a controversy is not a matter of right, but is a matter for the sound discretion of the orphans' court."

It is self-evident by a simple reading of the words of the act of assembly that in the present case the award of an issue to a jury is a matter for the sound discretion of this court. Having seen and heard the witnesses who testified in this proceeding and after careful examination of all of the pertinent testimony and other evidence presented, the court is of the opin-

ion that the matters in controversy can be decided by the court without awarding an issue to a jury.

We now pass on to the consideration of the first and second reasons given by respondent as above stated. Respondent, Frank J. Dugan, testified that on the request of his mother he moved into the house located upon the real estate which is the subject of this controversy, and on the request of his brother and sister (petitioners) he moved into the property to take care of his mother who at that time was approximately 80 years of age; that he sold his own home in which he and his wife had been living; that he had asked his brother to move into the house and take care of the mother and this was not done; that the brother (Joseph A. Dugan) said that if he went there and took care of the mother, "we were to stay there unmolested until such time as we saw fit to move"; that the sister (Mary Dittmar) said to him "yes, you go and live with mom and you can have the house as far as we're concerned". Sara Ann Ruhl was called but her testimony was of no value whatever to prove the arrangement which respondent contended he had made with his brother and sister. Joseph A. Dugan and Mary Dittmar, petitioners, both testified and denied that any such arranged was made as claimed by Frank J. Dugan.

Careful consideration of all of the evidence upon this subject convinces the court that there was no agreement to permit Frank J. Dugan to occupy the premises for an indefinite period of time without the payment of any sum for such use and occupation.

Therefore, it being an undisputed fact that Frank J. Dugan did have the benefit and enjoyment of the sole and exclusive use and occupation of the premises from August 15, 1949, to the present time, or in any event until the date of the last hearing in this matter (October 6, 1952), he is liable for the fair, reasonable

rental value for the use and occupation of the premises during the time he resided therein. Of course, only the proportionate part of the rental value thereof is due to the other two parties interested in the title thereof against the distributive share of the real estate or the proceeds of the sale thereof to which Frank J. Dugan is entitled.

This brings us to the final question of what is a fair and reasonable rental value of the premises from August 15, 1949, until the present time. Petitioners called a witness who was duly qualified as an expert and who testified that in his opinion the fair reasonable rental value of the real estate for that period of time would be at the rate of $65 per month. Respondent also called an expert witness who was duly qualified and who testified that in his opinion the fair rental value of the property would be $42 a month. From the testimony of both of these witnesses, and from the other evidence in the case it is the opinion of the court that the fair rental value of the property during the period of time was at the rate of $50 per month and the court finds this as a fact.

The court arrives at the fair rental value of the premises to be the sum of $50 per month after considering the evidence of expenditures alleged to have been made by Frank J. Dugan, for certain repairs made to the property, items of taxes, sewer rents, and insurance premiums paid by him. That is to say, it is the opinion of the court that having made these payments as claimed by Frank J. Dugan, he should in addition thereto have his interest in the real estate charged with rental for the use and occupation of the premises at the rate of $50 per month from August 15, 1949, until the date that he will have surrendered possession thereof.

The court therefore enters the following

## *Decree*

And now, to wit, October 30, 1952, the rule granted on August 18, 1952, returnable September 8, 1952, upon Frank J. Dugan, also known as Dennis Francis Dugan, to show cause why the court should not determine the fair rental value of the premises 119 Rhodes Avenue, Collingdale, Delaware County, Pa., for the use and occupation of the property by Frank J. Dugan, from the period beginning August 15, 1949, to the date when he will have vacated the premises and to charge the proportionate part of the rental value thereof to which Mary Dittmar and Joseph A. Dugan are entitled against the distributive share of the proceeds of the sale of the real estate to which Frank J. Dugan, also known as Dennis Francis Dugan, is entitled, is hereby made absolute, and

1. The fair rental value of the premises to be paid by Frank J. Dugan in addition to other items claimed by him to have been paid for repairs, taxes, sewer rentals, fire insurance, etc., is at the rate of $50 per month.

2. Using the rental value as the basis of the calculation, the total amount due by Frank J. Dugan for the use and occupation of the premises from August 15, 1949, until the date when he will have vacated the premises shall be charged against the proportionate part of the rental value thereof to which Frank J. Dugan, also known as Dennis Francis Dugan, is entitled.

3. Frank J. Dugan is not entitled to have an issue framed and submitted to a jury for determination, for the reason that in the exercise of the discretion vested in this court, it is deemed inexpedient to do so, the court having determined these issues as herein set forth.